NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GABRIELA BEATRIZ ZALDANA
PORTILLO,

               Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

No.   18-73091

Agency No. A206-478-024

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2021[**]
Pasadena, California

Before: SILER,[***] HURWITZ, and COLLINS, Circuit Judges.

Gabriela Beatriz Zaldana Portillo ("Portillo"), a native and citizen of El

Salvador, challenges the Board of Immigration Appeals' ("BIA") denial of her

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We deny the petition.

When the BIA's decision "relies in part on the immigration judge's reasoning," as it does here, "we review both decisions." *Singh v. Holder*, 753 F.3d 826, 830 (9th Cir. 2014) (quoting *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012)). We review an adverse credibility finding for substantial evidence, *Bassene v. Holder*, 737 F.3d 530, 536 (9th Cir. 2013), and therefore "must uphold the agency determination unless the evidence compels a contrary conclusion," *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019); *see also* 8 U.S.C. § 1252(b)(4)(B). Applying that "extremely deferential standard of review," *Don v. Gonzales*, 476 F.3d 738, 744 (9th Cir. 2007), we conclude that the record does not compel us to reach a conclusion contrary to that of the BIA and the immigration judge ("IJ"). We therefore must uphold the adverse credibility finding.

1.     The inconsistency between Portillo's initial border interview, in which she expressed no fear of returning to El Salvador, and her application, in which she stated that she was in fear of her life because of her abusive ex-boyfriend, "go[es] to the heart of [her] asylum claim." *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1045 (9th Cir. 2005). Such an inconsistency "is of great weight." *Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010). And, despite the petitioner's assertion to the

2

contrary, it is clear the agency did not base its credibility decision solely on this single inconsistency but in light of other discrepancies.

Further, the IJ was not required to accept Portillo's explanation that she mentioned an economic incentive for traveling to the United States at the border upon the advice that doing so would result in her being released from detention sooner. *See Don*, 476 F.3d at 744 (explaining that an IJ need not "interpret the evidence in the manner advocated by" the applicant). Instead, our precedent requires only that an IJ consider a proffered explanation for an inconsistency and "provide a specific and cogent reason for rejecting it." *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Here, the IJ considered Portillo's explanation and permissibly concluded that, under the circumstances, it was implausible.

The fact that the agency did not obtain a written transcript of the initial interview with immigration officials does not change the outcome. Portillo's counsel had the transcript during the hearing (AR 4), and she does not argue that she did not make the relevant statement, or that the interview was conducted in a manner that undermined the reliability of her undisputed statements.

2.    Portillo also claims the BIA mischaracterized her testimony when it stated: "[I]t is not clear how the officer being engaged in a conversation with other people would, as [Portillo] claims, lead to her interjecting in the conversation and falsely disclaiming a fear of return." She states that she "did not disclaim her fear, as the

3

BIA speculated, but clearly expressed her fear." But Portillo's statement to the border agent could be construed differently, and Portillo did not provide an explanation that would compel us to reject the agency's interpretation.

3.     Finally, the agency found that it was implausible that Portillo would not be able to identify the full name of the political party she claimed to support, "given her experience with the party growing up, her family's support of the party, and the significance her political views played in the abuse by her former partner." Portillo suggests that her political views were "merely incidental to her entire asylum claim." However, throughout her asylum application and testimony, she mentioned her political opinion as a reason her ex-boyfriend abused her.

Portillo does not contend that, even if the adverse credibility determination is upheld, the agency should have granted her applications for asylum and withholding and her CAT claim. She has therefore forfeited any such further challenges. *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION FOR REVIEW DENIED.**

4